IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

DAWN WILLIAMS                                                         PLAINTIFF

V.                            NO. 3:14CV106-BD

CAROLYN W. COLVIN, Acting Commissioner,
Social Security Administration                                    DEFENDANT

### ORDER

The Court heard oral arguments in this social security appeal on March 26, 2015. Following a review of the record and arguments presented by counsel, the Court announced its findings of fact and conclusions of law from the bench, affirming the Commissioner's decision.

Based on the record as a whole, there was sufficient evidence in the record to support the Commissioner's decision as to the limiting effect of the symptoms of Ms. Williams's mental impairments and, thus, as to her residual functional capacity. The Administrative Law Judge's conclusion that Ms. Williams retained the capacity to perform a reduced range of sedentary work is supported by sufficient evidence.

The ALJ did not err in concluding that Ms. Williams's stress and ability to concentrate, persist, and maintain an acceptable pace were adequate to allow her to perform a reduced range of sedentary work. Thus, there was no error in the hypothetical question that the ALJ posed to the vocational expert.

An excerpted transcript of the Court's specific findings and conclusions is attached.

The Complaint is hereby dismissed, with prejudice, this 1st day of April, 2015.

_____
UNITED STATES MAGISTRATE JUDGE

1

```
 1                IN THE UNITED STATES DISTRICT COURT
                     EASTERN DISTRICT OF ARKANSAS
 2                        JONESBORO DIVISION

 3

 4  DAWN WILLIAMS,                   .
                                     . Docket No. 3:14-CV-00106-BD
 5  PLAINTIFF,                       .
                                     . Little Rock, Arkansas
 6  VS.                              . March 26, 2015
                                     . 9:59 A.M.
 7  SOCIAL SECURITY ADMINISTRATION   .
                                     .
 8  COMMISSIONER,                    .
                                     .
 9  DEFENDANT.                       .
    . . . . . . . . . . . . . . . . .
10

11

12                           TRANSCRIPT OF

13      EXCERPTED ORAL FINDINGS OF FACT AND CONCLUSIONS OF LAW

14                     IN ORAL ARGUMENT HEARING

15                 BEFORE THE HONORABLE BETH DEERE

16                  UNITED STATES MAGISTRATE JUDGE

17

18

19  ELECTRONIC COURT RECORDER-OPERATOR:  Ms. Suzy Flippen

20

21  Transcription Service:         Robin Warbritton
                                   Post Office Box 262
22                                 Vilonia, AR  72173
                                   (501) 796-6560
23

24  PROCEEDINGS RECORDED BY ELECTRONIC SOUND RECORDING.

25  TRANSCRIPT PRODUCED BY TRANSCRIPTION SERVICE.
```

```
1  APPEARANCES:

2  For the Plaintiff:      Mr. Greg Wallace
                           Bartels Law Firm
3                          Post Office Box 1640
                           Jonesboro, AR   72403-1640
4

5  For the Defendant:      Mr. Stuart G. Lipke
                           Social Security Administration
6                          Office of the General Counsel
                           1301 Young Street
7                          Suite A702
                           Dallas, TX   75202-5433
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
1                    P R O C E E D I N G S
2        (Call to order of the Court.)
3                           * * *
4         THE COURT:  All right.  Anything else you would like
5   to add?
6             This is an interesting case, but I feel like I've got
7   enough information to rule on the case from the bench.  And as
8   the -- the latest procedure we're using is, is that we will
9   have the findings and conclusions transcribed.  Once we
10  receive those back, I will file an order, attach that as an
11  exhibit, and enter the judgment at that time.  And that's
12  going to take anywhere -- hopefully, it will be complete in
13  two weeks.  That's what I'm told.
14            So, if there is nothing further, I'm ready to rule.
15  I'll never know more about the case than I know right this
16  minute.
17            I appreciate the arguments of counsel.  You all both
18  always do a superb job and enlighten me and correct my
19  misapprehensions.
20            All right.  This is the case of *Dawn M. Williams v.*
21  *Carolyn Colvin, Acting Commissioner of the Social Security*
22  *Administration*.  Its case number is 3:14-CV-106.
23            The parties have consented to my jurisdiction.  I
24  have reviewed not only the parties' briefs and the ALJ's
25  decision, I have reviewed the record as well, those portions
```

of the record that the parties have directed my attention to, at least those portions. And I have, in fact, reviewed more than that, including the transcript of the hearing before the ALJ.

Procedurally, the case is ready for decision. Dawn Williams filed for disability insurance benefits and Supplemental Security Income on October 19th. Her amended onset date is October 30, 2011.

A hearing was held before an ALJ on April 23rd of 2013. The Plaintiff, Ms. Williams, was in attendance, along with her attorney and a vocational expert.

The ALJ issued an unfavorable decision on May 17th, 2013. The appeals counsel denied a request for review on March 28th, 2014, almost a year later. And on April 17th, 2014, Ms. Williams filed this appeal.

Dawn Williams was 42 years old at the time of the hearing and the ALJ's decision. She had completed high school and two years of college. The ALJ found a number of severe impairments, including sleep apnea, Hepatitis C, restless leg syndrome, diabetes, morbid obesity with the ensuing effects of fatigue, joint and back pain, and hypertension. Those were the physical impairments the ALJ found to be severe.

He also found severe mental impairments, including bipolar disorder, depression, and anxiety.

There is no issue as to the impairments. There is no

issue challenging the ALJ's decision that she did not meet a listed impairment.

The ALJ's Residual Functional Capacity, that is what she could still do in spite of these impairments, is a point of dispute. The ALJ discounted, in part, the severity of Ms. Williams' alleged symptoms, although acknowledged that she -- she could expect to suffer these symptoms to some extent. He found that -- or the ALJ found she could do the full range of sedentary work, except he added other limitations. He added walking limits, postural/positional limits. Because of the Hep C, obviously, she could not work around open food containers. And he limited her to semi-skilled or unskilled work. And that involved work that would involve -- that she could understand, remember, and follow concrete instructions and that she would have superficial contact with public and coworkers. And this -- these last limitations were intended to account for her mental impairments. She -- the ALJ found she could not return to her previous work as a security guard. But after hearing testimony from a vocational expert, the ALJ found that there were other jobs that exist -- existed in significant numbers in the economy; for example, assembler and touch-up screener.

The issue today is rather narrow. The Plaintiffs contest whether limiting Ms. Williams to semi-skilled or unskilled work, with other limitations on her interpersonal

1 contact, and limiting her to concrete decisions, whether that
2 adequately accounted for her moderate limitation in
3 concentration, persistence, and pace. Or stated another way,
4 whether the hypothetical to the vocational expert was flawed,
5 because the ALJ did not specifically include limits on -- to
6 the VE in the hypothetical to include limits on her ability to
7 concentrate and persist and keep up the pace.
8     In addition, the Plaintiff also argues that there
9 should have been a limit in the hypothetical to account for
10 her stress.
11     The Commissioner argues that the ALJ adequately
12 accounted for the Plaintiff's limitations in concentration,
13 persistence, and pace in the hypothetical to the VE, when he
14 limited the hypothetical person to simple semi-skilled work,
15 with work that she could understand, remember, and follow only
16 concrete instructions and would have only superficial contact
17 with public and coworkers.
18     The question for the Court, of course, is whether the
19 ALJ committed legal error and whether his decision is
20 supported by substantial evidence in the record as a whole.
21     There may be substantial evidence to support a
22 different outcome, but I cannot reverse on that basis. If
23 there is substantial evidence to support the Commissioner's
24 decision, then I'm obligated to affirm.
25     In this case, I find that there is substantial

7

evidence to support the Commissioner's decision. Dennis Vowell, who was a psychiatric -- or a psychological consultant, I should say, is cited -- his report is cited by both the Plaintiff and the Defendants in support of their positions. And both, Plaintiff and Defendant, find support in that report.

But what Dr. Vowell said is that Ms. Williams had mild to moderate impairments in her ability to respond adequately to basic assessment of attention and concentration. He said that her persistence appeared adequate throughout the session. Her capacity to perform within a basically acceptable time frame was adequate. But he also said that she had mild to moderate stress and that she would have difficulty coping in response to -- to a stressful situation. He said her capacity to cope with typical mental cognitive demands of work.

So, both -- both parties, as I said, find support in his report, which I believe is at page -- I've got it, at 444 -- actually, it begins on page 440, I believe.

In addition, Brad Williams Ph.D., a state agency physician, also opined that Ms. Williams had moderate limits in concentration, persistence, and pace, and recommended limiting her to work where interpersonal contact would be incidental.

That provides part of the substantial evidence that

8

1 supports the Commissioner's decision.  In addition to that, we
2 have Ms. Williams' activities of daily living, which include a
3 number of activities that are cited by both Dr. Vowell and Dr.
4 Williams.  We have a report from her mother in the record,
5 indicating that she -- that Ms. Williams is -- prepares her
6 own meals, she doesn't need any special reminders to attend to
7 her personal grooming.  When she cooks, she cooks -- it takes
8 her from 45 minutes to an hour.  She does light housekeeping.
9 Drives a car.  She goes out alone.  She drives.  She shops in
10 stores.  She shops two hours a week.  She pays her own bills,
11 can count change, handles her savings account, uses a
12 checkbook, and that her ability to handle money has not
13 changed since the onset of her condition.  She reads, watches
14 television daily.  She visits people in person and on the
15 phone, and although she notes that she can't socialize as much
16 as she used to.
17         So, her activities of daily living, as reported by
18 not only her mother, but -- but by her own account, also
19 supports the finding.
20         Now, the legal question is whether the hypothetical
21 should have specifically included the finding by the -- the
22 ALJ that Ms. Williams had moderate limitations in
23 concentration, persistence, and pace.  The Commissioner's
24 position is that the specifics that are considered, and then
25 the psychiatric review technique form, are not necessarily

9

1  required to be included in the RFC assessment. And while the
2  Plaintiff has made a cogent argument to the contrary, I find
3  that the Commissioner's view is -- is the better view, in that
4  it's -- it's the only practical view. And I think that it's
5  supported by the regulations themselves.
6        So, for all those reasons, I find that there is no
7  legal error and that there is substantial evidence to support
8  the Commissioner's decision to deny benefits to Ms. Williams.
9        Anything further, Professor Wallace?
10       MR. WALLACE: No, Your Honor.
11       THE COURT: Mr. Lipke?
12       MR. LIPKE: No, Judge.
13       THE COURT: All right. It's been a pleasure having
14 you. And I thank you for your preparation and your attendance
15 today. We're off the record.
16    (Adjournment at 10:35 a.m.)
17       ELECTRONIC SOUND RECORDING CERTIFICATION:
18 I, court approved transcriber, certify that the foregoing is a
19 correct transcript from the official electronic sound
20 recording of the proceedings in the above-entitled matter.
21
22 /s/Robin Warbritton                    March 31, 2015
   Signature of Approved Transcriber     Date
23
24 Robin Warbritton
   Typed or Printed Name
25